IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JAMES MANNING,<br>    Plaintiff, | § § § | |
| v. | § | No. 3:24-CV-2643-D-BW |
| DONALD J. TRUMP,<br>    Defendant. | § § § § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff Kevin James Manning's correspondence, received on October 23, 2024, that has been construed as a civil complaint raising claims under 42 U.S.C. § 1983. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should summarily **DISMISS** Manning's construed complaint as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless Manning timely pays the full $405 filing fee for this case.

### I. BACKGROUND

Manning is currently incarcerated in the Wayne McCollum Detention Center in Waxahachie, Texas. (*See id.* at 3.) Although his allegations are largely incoherent, Manning appears to want former President Donald Trump to file motions on behalf of Manning in a separate lawsuit. (*See id.* at 1.) He also makes assertions regarding alleged assassination attempts against both him and the former President, Manning's

---

[1] By Special Order No. 3-251, this pro se case has been referred for initial screening.

alleged purchase of the town of Italy, Texas, and an alleged need for investigations of his father and a local business property.  (*See id.* at 1-2.)

## II.  THREE STRIKES

Because Manning filed this action without prepayment of the requisite filing fees, it is subject to review under the Prison Litigation Reform Act ("PLRA"). Under the "three-strikes" provision of the PLRA, an inmate may not proceed in a civil action without the prepayment of fees if, while confined as a prisoner, he has previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is under imminent danger of serious physical harm.  *See* 28 U.S.C. § 1915(g); *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 597 (2020).

Manning is a frequent litigant and, for purposes of § 1915(g), he has filed at least three civil actions in this and other Districts, while confined as a prisoner, that have been dismissed in their entirety as frivolous, malicious, or for failure to state a claim.  *See Manning v. Church*, No. 3:23-CV-01209-E (BT), 2023 WL 9508098 (N.D. Tex. Dec. 26, 2023), *rec. adopted*, 2024 WL 406649 (N.D. Tex. Feb. 2, 2024) (dismissing complaint as frivolous under 28 U.S.C. § 1915A and § 1915(e)(2)(B) and expressly counting dismissal as a "strike" under § 1915(g)); *Manning v. Kaufman Cty. Sheriff's Office*, No. 3:23-CV-2272-B-BN, 2023 WL 7423944 (N.D. Tex. Oct. 19, 2023), *rec. adopted*, 2023 WL 7420230 (N.D. Tex. Nov. 9, 2023) (dismissing complaint for failure to state a claim); *Manning v. Fed. Gov't*, No. A-23-CV-1123-RP,

2

2023 WL 6168250 (W.D. Tex. Sept. 21, 2023) (dismissing complaint as malicious and frivolous under § 1915(e)); *Manning v. United States*, No. A-23-CV-1033-RP, 2023 WL 6150785 (W.D. Tex. Sept. 20, 2023) (dismissing complaint as frivolous under § 1915(e)).

Manning therefore is barred under § 1915(g) from proceeding in this action without prepayment of the full filing fee, unless he shows that he is in "imminent danger of serious physical injury" at the time he filed suit. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Manning makes no plausible allegations suggesting that he is in imminent danger of serious physical injury. Accordingly, he must prepay the $405 filing fee before he may proceed with this case.

### III. SANCTIONS

Because of his frivolous filing history in this Court, the Court previously issued Manning a sanction warning cautioning him that if he persisted in filing frivolous or baseless lawsuits, monetary sanctions could be imposed, and he could be barred from bringing any future lawsuits (with or without payment of the filing fees) without first obtaining leave of Court. *See Manning v. Kaufman Constables Office*, No. 3:23-CV-2064-G-BK (N.D. Tex. Nov. 30, 2023). Undeterred, Manning has filed seven civil actions—including this one—in this Court since August 2024, all of which are either nonsensical or raise fantastic and delusional allegations. *See Manning v. AT&T*, No. 3:24-CV-2656-E-BT (N.D. Tex. Oct. 23, 2024); *Manning v. 45th President of the United States*, No. 3:24-CV-2669-K-BT (N.D. Tex. Oct. 22, 2024); *Manning v. Ellis Cty. Jail Staff*, No. 3:24-CV-2668-L-BW (N.D. Tex. Oct. 22, 2024);

*Manning v. Paxton*, No. 3:24-CV-2657-N-BW (N.D. Tex. Oct. 21, 2024); *Manning v. United States Govt.*, No. 3:24-CV-2078-N-BK (N.D. Tex. Aug. 15, 2024); *Manning v. Kevin Manning Found.*, No. 3:24-CV-2046-S-BT (N.D. Tex. Aug. 12, 2024).

Based on Manning's filing history and continuing pattern of filing frivolous and delusional actions despite express warning by the Court regarding the consequences for doing so, sanctions should be imposed, and Manning should be barred from filing future actions in this or any other federal court without first obtaining leave of court.

## IV.  RECOMMENDATION

The Court should summarily **DISMISS** Manning's construed complaint without prejudice as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless he pays the full $405 filing fee[2] prior to acceptance of this recommendation, or before a deadline otherwise established by the Court.  Further, the Court should **BAR** Manning from filing future actions in this or any other federal court without first obtaining leave of court.

---

[2] As of December 1, 2023, a $55 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $405 for a civil action in which the plaintiff has not sought or been granted leave to proceed in forma pauperis.  *See* District Court Miscellaneous Fee Schedule.  Where a prisoner plaintiff has been granted leave to proceed in forma pauperis, only the $350 filing fee will be deducted from the prisoner's account; the $55 administrative fee will not be deducted.

**SO RECOMMENDED** on October 31, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).